UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOVEMBER THIRD TERMINATION ASSOC., et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>HOFFMAN-LA ROCHE, INC., et al.,<br><br>  Defendants. | Civil Action No. 99-5126<br><br>Hon. Jose L. Linares, U.S.D.J.<br><br>**REPORT AND RECOMMENDATION** |

APPEARANCES:

Charles J. Sciarra, Esq.
Law Offices of Charles J. Sciarra, LLC
17Academy Street, Suite 701
Newark, New Jersey 07102

    Counsel for Plaintiffs

Donald A. Beshada, Esq.
Drinker Biddle & Reath LLP
500 Campus Drive
Florham Park, New Jersey 07932

    Counsel for Defendant, Hoffman-La Roche Inc.

**HEDGES, Magistrate Judge,**

    This matter comes before me on the defendant's motion to dismiss certain plaintiffs for failure to comply with discovery. I have considered the papers submitted in support of and in opposition to the motion. I had a notice sent to the plaintiffs in issue pursuant to Dunbar v. Triangle Lumber & Supply Co., 816 F.2d 126, 129 (3d Cir. 1987), and gave each an opportunity to appear on April 11, 2005. None did.

1

**BACKGROUND**

On January 28, 2005, the defendant, Hoffman-La Roche Inc., moved to dismiss fourteen (14) plaintiffs[1] for failure to comply with this Court's Order of December 27, 2004, which required them to provide full and complete responses to Defendant's First Set of Interrogatories and First Request for Production of Documents.  (Notice of Mot. to Dismiss at 2; see Order at 2.)  In response to the Motion, counsel for the plaintiffs informed me that these plaintiffs had no contact with his office to rectify the deficiencies.  (Letter from Sciarra to Hedges of 2/11/05.)  A Dunbar letter was sent to the fourteen plaintiffs, which informed them of the motion to dismiss against them, (Letter from Walsh to Caso, et al. of 3/24/05), and invited them to appear at 10:00 a.m. on April 11, 2005.  (Order Setting Conference.)  None did.  The plaintiffs' discovery deficiencies persist to date.  (Aff. of Donald Beshada ¶ 12.)

**DISCUSSION**

Discovery sanctions are available under Rule 16(f) for parties who fail to obey scheduling or a pretrial order.  Among the sanctions suggested by the rules are "dismissing the action or proceeding."  Fed. R. Civ. P. 37(b)(2)(C).  "Dismissals with prejudice . . . are drastic sanctions," however, "'and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff.'"  Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 867 (3d Cir. 1984) (quoting Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d

---

[1] The plaintiffs are: Ralph Caso, James Castelli, Joseph DiGiacomo, Lawrence Gelok, Robert Glover, Daniel Green, Richard Hall, Johnny Haddley, Deborah Helfrich, Cheryl Negron, Roger Rotundi, Robert Veleber, Richard Carlson, and Antonio Rizzi.  See Letter from Sciarra to Beshada of 1/6/05 (listing names and addresses of fourteen plaintiffs who failed to fully respond to discovery demands).  In the same letter, plaintiffs' counsel stated that two of the fourteen–Antonio Rizzi and the Estate of Richard Carlson–had signed letters voluntarily withdrawing from this litigation.

Cir. 1982)); see National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976) (terming dismissals "the most extreme in the spectrum of sanctions"); see also Joe Hand Prods. v. Sports Page Café, Inc., 940 F. Supp. 102, 104 (D.N.J. 1996) (explaining that discovery sanctions are "not taken lightly" and "[i]mposed only sparingly, fairly and rightly."). Judges, however, "confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice." Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

In Poulis, the Third Circuit set forth six factors that this Court must consider to determine whether a drastic sanction, such as dismissal, is appropriate. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987). These are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternate sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868. All the factors need not be satisfied before the court properly dismisses a claim. Mindek, 964 F.2d at 1373. "Poulis did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's Complaint becomes a mechanical calculation . . .." Mindek, 964 F.2d at 1373. I now turn to each of the Poulis factors.

The first factor concerns the plaintiffs' personal responsibility for the misconduct. This is not a case where a party's counsel is responsible for the discovery violations. Indeed, counsel for the plaintiffs continues to diligently pursue the claims in this action, appearing before me on April 11, 2005, on behalf of those plaintiffs who provided discovery. The plaintiffs are

personally responsible for the discovery misconduct, and this factor weighs toward dismissing their claims.

The second factor concerns the prejudice to the defendants caused by the misconduct. Prejudice is something less than "irremediable harm" under this analysis. Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). Instead, "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." 322 F.3d at 222. Examples of such prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories," Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984), "and the need to file additional motions in response to the abusive behavior." Huertas v. City of Philadelphia, No. 02-7955, 2005 WL 226149 at *3 (E.D.Pa. Jan. 26, 2005). As applied to this dated action, originally filed in 1999, the loss of evidence and the dimming of witnesses' memories is a real concern that threatens the defendant's ability to adequately defend its case. Moreover, the plaintiffs' failure to adequately respond to discovery has prompted the defendant to send numerous letters to opposing counsel and this Court and to file the present motion. Finally, the plaintiffs' failure to comply with my order also makes it impossible to complete discovery, enter a Final Pretrial Order, or set this matter down for trial. The defendant has suffered prejudice, which "bear[s] substantial weight in favor of dismissal." Scarborough, 747 F.2d at 876.

The third factor concerns the plaintiffs' history of dilatoriness. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994). In Poulis, the

court found that plaintiff's failure to answer interrogatories, coupled with counsel's failure to file a pretrial statement, showed a history of dilatoriness.  747 F.3d at 868.  The fourteen plaintiffs here have failed to respond in any way to the defendant.  (Aff. of Donald Beshada ¶ 12.)  Their total ignorance of my order is not the carelessness or tardiness that may mitigate dismissal under Poulis.  See Adams, 29 F.3d at 874-75 (holding that the untimely response to two court orders and late retention of local counsel that was the result of "sloppiness" while an attorney moved offices did not constitute default comparable to Poulis).  Instead, the plaintiffs' persistent inaction demonstrates a history of dilatoriness.

The fourth factor concerns whether the plaintiffs' conduct was willful and in bad faith.  This Court considers "the type of willful or contumacious behavior [that can be] characterized as 'flagrant bad faith.'"  Scarborough, 747 F.2d at 875 (quoting National Hockey, 427 U.S. at 643).  The fourteen plaintiffs were informed by their attorney and by this Court[2] of their failure to comply with discovery and of the pending motion to dismiss against them.  They failed to cooperate with their attorney and with this Court.  Not having had any explanation to the contrary from the plaintiffs, I am satisfied that they have made a conscious decision not to comply with my order.  This factor also weighs in favor of dismissal.

The fifth factor concerns the meritoriousness of the plaintiffs' claims.  "For purposes of dismissal, a claim will be considered meritorious when the allegations of the pleading, if established at trial, would support recovery by plaintiff.  The meritoriousness of the claim for this

---

[2] The U.S. Postal Service returned plaintiff Joseph DiGiacomo's letter from the Clerk of this Court to sender because it was undeliverable as addressed.  This is of little bearing under my analysis because plaintiffs' counsel has satisfied that Mr. DiGiacomo failed to respond to requests by his office to provide discovery.  (See Letter from Sciarra to Hedges of 2/11/05 at 1.)

5

purpose must be evaluated on the basis of the facial validity of the pleadings, and not on summary judgment standards." Scarborough, 747 F.2d at 875. I cannot say from my review of the pleadings that the plaintiffs do not have meritorious claims. If the plaintiffs established their allegations against the defendant at trial, such facts would support recovery. This Poulis factor–and this factor alone–weighs in favor of not dismissing the claims.

Lastly, I must consider whether alternative, less severe sanctions would be effective. See Poulis, 747 F.2d at 869 ("Dismissal must be a sanction of last, not first, resort."). The plaintiffs were ordered to respond to discovery requests. They failed to do so. Therefore, anything in the nature of a further order or admonition would appear to be meaningless. Alternate sanctions under Rule 37(b)(2) would be inappropriate. Due to the lack of discovery, a Rule 37(b)(2)(A) order establishing designated facts in accordance with the defendants' claim would dictate a dismissal. Likewise, striking the pleadings under Rule 37(b)(2)(B) or preventing the plaintiffs from supporting or opposing designated claims or defenses under Rule 37(b)(2)(C) would be tantamount to dismissal. Any further delay, such as a Rule 37(b)(2)(C) order staying further proceedings until the discovery requests are answered would cause the defendants further prejudice. Furthermore, there is nothing in the record before me to demonstrate that a monetary sanction, which is imposed to discourage future abuse, would be appropriate considering that there was no discovery and will be none for these plaintiffs following dismissal.

Five of the six Poulis factors, including prejudice to the adversary, weigh in favor of an extreme sanction. I recommend that the plaintiffs' claims be dismissed with prejudice.

## **CONCLUSION**

For the reasons set forth above, I recommend that the plaintiff's motion be **granted** with prejudice.

Pursuant to L. Civ. R. 72.1(c)(2), the parties have ten (10) days from receipt of this Report and Recommendation to file and serve objections.

s/Ronald J. Hedges
RONALD J. HEDGES
United States Magistrate Judge

Copy: Judge Jose L. Linares