```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY


RICHARD JAKIMAS, et al.,   :

        Plaintiffs,        :    Civil Action No. 99-5126(JLL)

        v.                 :

HOFFMANN-LA ROCHE, INC.    :    ORDER TO TAX COSTS
et al.,
                           :
        Defendants.
                           :
_____
```

This matter has come before the Court on motion [150] by Defendant Hoffmann-La Roche Inc. ("Roche"), presenting a timely bill of costs and disbursements, in the amount of $15,802.46 pursuant to Federal Rules of Civil Procedure 54(d) and Local Civil Rule 54.1, and Plaintiffs contesting same.

The Court entered Judgment[1] on March 31, 2006 in favor of Defendants Johnson Controls and Hoffman-La Roche, Inc. and against Plaintiffs.  Under Federal Rule of Civil Procedure 54(d), a prevailing party is entitled to costs unless the court otherwise directs.[2]  Rule 54(d)(1) creates a "'strong presumption' that costs are to be awarded to the prevailing

---

[1] The Court granted motion of Defendants Johnson Controls and Hoffman-La Roche, Inc. for summary judgment.

[2] Fed. R. Civ. P. 54(d)(1) states in relevant part: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."

party." In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462 (quoting 10 MOORES FEDERAL PRACTICE § 54.101, at 54-149); see also Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981). In the current matter, Roche is the prevailing party within the meaning of Federal Rules of Civil Procedure 54(d).

**Deposition Costs**

Roche requests reimbursement for the following costs incurred in purchasing copies of sixteen depositions:[3]

| **Deponent** | **Amount** | **Allowed** |
|---|---|---|
| Kenneth Bishop | $ 374.00 | $ 374.00 |
| James Poliseo | $ 148.50 | $ 148.50 |
| Stephen Grossman | $ 327.25 | $ 327.25 |
| Raymond Scherzer | $ 478.30 | $ 478.30 |
| Alvin Vinson | $ 501.25 | $ 501.25 |
| Roberta Fleischman | $ 366.00 | $ 366.00 |
| Millicent Pattishall | $ 689.00 | $ 689.00 |
| James Scandura | $ 406.46 | $ 406.46 |
| Logemann and Willenbrock | $ 413.30 | $ 413.30 |
| John V. O'Connor | $ 637.00 | $ 637.00 |
| Patrick Zenner | $ 245.05 | $ 245.05 |
| Louis Ristagno Edward Pajak | $ 720.00 | $ 720.00 |

---

[3] Roche withdrew the depositions of: Kalata, Gomes, Flynn, Aiello, Mayo, and Dimodica. (Roche Opp'n).

| | | |
|---|---|---|
| Richard Jacimas | $ 612.00 | $ 612.00 |
| Laurie Troyano | $ 213.00 | $ 213.00 |
| **Total** | **$6131.11** | **$6131.11** |

Deposition transcripts are taxable if necessarily obtained for use in the case. 28 U.S.C. § 1920(2). Additionally, 28 U.S.C. § 1920 has been interpreted to allow costs for depositions in connection with a successful motion for summary judgment. In re Baby Food Antitrust Litig., 166 F.3d 112, 139 (3d Cir. 1999); see also Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1474 (10th Cir. 1997). Similarly, L. Civ. R. 54.1(g)(7) allows for the taxation of deposition costs if a deposition is used in a case. Fees and charges recoverable under the Local Rule include the costs of the reporter and the preparation of the transcript. L. Civ. R. 54.1(g)(7).

This litigation took five years to conclude and included several substantive motions. Therefore, the Clerk does not find Roche's level of deposition discovery in this matter to be excessive or unreasonable. The Clerk finds that deposition transcripts taken in this matter were necessarily obtained for "use" in the case. 28 U.S.C. § 1920. The Clerk will allow Roche to be reimbursed the amount of **$6131.11** as costs incurred for the production of stenographic transcripts.

**Costs (including travel) Incident to Taking of Deposition**

Roche requests reimbursement in the amount of $7117.75 for travel expenses (air fare, telephone calls, food, etc.) incurred in this litigation by attorneys traveling to various places in the United States to take depositions.  The Clerk will deny this request for costs because the Clerk is permitted only to award those litigation expenses enumerated in Section 1920.  <u>Bollitier v. Int'l Broth. of Teamsters</u>, 735 F. Supp. 623, 629 (D.N.J. 1989).  These types of expenses are generally included in an attorney's fee award.  <u>See</u> <u>Boyadjian v. Cigna Cos.</u>, 994 F.Supp. 278, 281 (D.N.J. 1998) ("Travel expenses of attorneys are not a taxable cost."); <u>see</u> <u>also</u> <u>Abrams v. Lightolier</u>, 50 F.3d. 1204, 1225 (3d Cir. 1995) (traveling costs are part of attorney's fee award).

**Transcript Fees**

Roche requests to be reimbursed for fees incurred for transcripts of three hearings held in Court on January 2, 2003, September 4, 2003, and February 26, 2004.  A party can be reimbursed for fees incurred for transcripts necessarily obtained for use in the case.  28 U.S.C. § 1920.  The January 2, 2003 hearing before Magistrate Judge Hedges was the subject of an appeal by Plaintiffs to Judge Linares and to the Third Circuit.  Additionally, Magistrate Judge Hedges directed Roche to prepare an Order based on the Court's ruling on September 4, 2003. (Roche

4

Opp'n).  The Clerk finds that the transcripts were necessarily obtained for use in the case.  Therefore, the Clerk will permit the amount of **$430.60** as a taxable cost.

Costs are therefore taxed in favor of Defendant Hoffmann-La Roche Inc. and against Plaintiffs for a total amount of **$6561.71.**


WILLIAM T. WALSH, CLERK


BY: <u>S/John T. O'Brien</u>
    <u>Deputy Clerk</u>

March 16, 2007